IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| AUGUSTUS HEBREW EVANS, JR., | : | |
|---|---|---|
| Petitioner, | : | |
| v. | : | Civil Action No. 17-1464-RGA |
| ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondent. | : | |

## MEMORANDUM

### I.  BACKGROUND

In 2007, Petitioner Augustus Hebrew Evans, Jr. ("Petitioner") was convicted of second degree assault, aggravated menacing, resisting arrest, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Evans v. State*, 968 A.2d 491 (Table), 2009 WL 367728, at *2-3 (Del. Mar. 16, 2009). The Delaware Superior Court sentenced him as a habitual offender to seventy-nine years of incarceration at Level V, suspended after seventy-two years for a period of probation. *Id*. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Id*.

In 2010, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("petition") challenging his 2007 convictions. *See Evans v. Phelps*, 2012 WL 1134482 (D. Del. Apr. 2, 2012). The Honorable Leonard P. Stark denied the petition as meritless. *Id*.

In March 2015, Petitioner filed in this Court a petition for a writ of error *coram nobis* ("*coram nobis* petition") with respect to his 2007 convictions. (D.I. 2 in *Evans v. Pierce*, Civ. A.

No. 15-270-SLR) The Honorable Sue L. Robinson dismissed the *coram nobis* petition for lack of jurisdiction. *See Evans v. Pierce*, 148 F. Supp. 3d 333, 336 (D. Del. 2015).

In April 2015, Petitioner filed an application in the Court of Appeals for the Third Circuit requesting authorization to file a second or successive habeas application. (D.I. 9 at 3 in *Evans v. Pierce*, Civ. A. No. 15-270-SLR) The Third Circuit denied the application because petitioner failed to satisfy the requirements for obtaining such authorization. *See In re Evans*, C.A. No. 15-1726 (3d Cir. Apr. 9, 2015).

Presently pending before the Court is Petitioner's new Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (D.I. 3), along with a Motion for Leave to Proceed *In Forma Pauperis* (D.I. 1). Petitioner contends that: (1) the Superior Court erroneously sentenced him as a habitual offender for his 2007 convictions; (2) his sentence exceeds statutory limits and was the result of an abuse of discretion; and (3) Delaware's habitual offender statutes are unconstitutional. (D.I. 3 at 6-17)

## II.  LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition.

2

*See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III.  DISCUSSION

Based on the representations in Petitioner's trust fund account statement, the Court will grant his Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 1) However, after reviewing the record, the Court concludes that the instant Petition is a second or successive habeas petition under 28 U.S.C. § 2244. The denial of Petitioner's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant Petition challenges the same 2007 convictions and asserts claims that either were or could have been asserted in Petitioner's first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18. Notably, Petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). Given these circumstances, the Court lacks jurisdiction to consider the instant Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

The Court further concludes that it would not be interest of justice to transfer this case to the Court of Appeals for the Third Circuit. The Third Circuit has already declined Petitioner leave to proceed with an earlier successive petition, and nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Petition will be dismissed for lack of jurisdiction.

3

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

December 8, 2017
DATE

Richard G. Andrews
UNITED STATES DISTRICT JUDGE

4